Vataksi v. Holder

BIA
Nelson, IJ
A073 666 573
A072 417 925

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

PRESENT: JON O. NEWMAN,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

YLBERE VATAKSI, MEHMET VATAKSI,
        *Petitioners,*

        v.                                    12-1237
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Sokol Braha, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Principal Deputy
                        Assistant Attorney General; John S.
                        Hogan, Senior Litigation Counsel;
                        Todd J. Cochran, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ylbere Vataksi and Mehmet Vataksi, natives and citizens of Albania, seek review of the March 12, 2012, order of the BIA affirming Immigration Judge Barbara A. Nelson's denial of their motion to reopen. *In re Ylbere & Mehmet Vataksi*, Nos. A073 666 573, A072 417 925 (B.I.A. Mar. 12, 2012), *aff'g* Nos. A073 666 573, A072 417 925 (Immig. Ct. N.Y. City Jan. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of the Vataksis' motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that the Vataksis' 2011 motion was untimely, as their final administrative order was issued in

1997. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, substantial evidence supports the BIA's finding that the Vataksis failed to establish a material change in conditions in Albania. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

The Vataksis argue that the BIA failed to consider all of their evidence of changed conditions. In their motion to reopen, the Vataksis alleged a change in country conditions based upon the following events that occurred after their 1997 hearing: (1) Mehmet's father was attacked for his political beliefs in 2000; (2) Mehmet's sister was attacked and raped after giving a political speech in 2008; (3) Mehmet's cousin was attacked in 2005, and the motive was political revenge against their clan; and (4) Ylbere's uncle

3

was killed as part of a long-standing blood feud in 1999. As the BIA found, these allegations do not demonstrate a material change. As a general matter, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir. 2005); *Melgar de Torres v. Reno,* 191 F.3d 307, 313 n.2 (2d Cir. 1999). Because the Vataksis did not present evidence that Mehmet's father or sister were attacked for anything but their own political beliefs, the BIA did not abuse its discretion in concluding that these two events did not demonstrate a material change in country conditions. *See Tao Jiang*, 500 F.3d at 141.

The Vataksis also argue that the death of Mehmet's cousin in 2005 was for political revenge against his clan and that the BIA failed to consider the contemporaneous newspaper reports of the incident. However, the articles were not evidence of a material change as they state that the police were considering both revenge and theft as possible motives, and there was no indication in the

4

articles that revenge meant an attack due to political or clan affiliation. *See Tao Jiang*, 500 F.3d at 141; *Melgar de Torres,* 191 F.3d at 313 n.2. Similarly, regarding Ylbere's family's blood feud, there was insufficient evidence that her uncle was targeted because of that feud as the BIA was not required to credit their account given the underlying adverse credibility finding. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (declining to credit unauthenticated evidence based on an underlying adverse credibility determination). Thus, the BIA did consider the evidence provided by the Vataksis, and its denial of their motion to reopen was not an abuse of discretion. *See Jian Hui Shao*, 546 F.3d at 169 (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner).

In addition, because the Vataksis have not established that the BIA's denial of *sua sponte* reopening was based on a misperception of the law, we lack jurisdiction to review that determination because it is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). *Cf. Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009) (asserting jurisdiction and holding that the BIA erred when it declined to exercise its *sua sponte* authority based on a misperception of the law).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk